**Patrick M. STURM, Lieutenant, Ch, USNR, Plaintiff—Appellant,**

v.

**UNITED STATES DEPARTMENT OF THE NAVY; et al., Defendants— Appellees.**

No. 02–56120.

D.C. No. CV–99–02272–W/LSP.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2003.

Decided Sept. 30, 2003.

Dean R. Broyles, Esq., William E. Trask, Esq., Escondido, CA, for Plaintiff–Appellant.

Thomas Edward Caballero, Esq., Marleigh D. Dover, Attorney, Robert M. Loeb, Esq., United States Department of Justice, Washington, DC, for Defendants–Appellees.

Before HALL, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM *

Navy chaplain Patrick M. Sturm appeals the district court's dismissal of his claims that Navy policies unconstitutionally discriminate against himself and other non-liturgical Protestants. The district court found that the majority of these claims were moot, and it granted summary judgment for the Navy on the other claims. We affirm.

■ We review *de novo* questions of mootness, standing, and the propriety of summary judgment. *Cole v. Oroville Union High Sch. Dist.*, 228 F.3d 1092, 1097–98 (9th Cir.2000); *Balint v. Carson City*, 180 F.3d 1047, 1050 (9th Cir.1999) (en banc). We agree with the district court's conclusion that Sturm's personal claims relating to his promotions are moot.[1] A case is moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir.2001). " 'Past exposure to illegal conduct does not in itself show a present case or controversy ... if unaccompanied by any continuing, present adverse effects.' " *Renne v. Geary*, 501 U.S. 312, 320–21, 111 S.Ct. 2331, 115 L.Ed.2d 288 (1991) (quoting *O'Shea v. Littleton*, 414

U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974)). Decisions of the Board of Corrections of Naval Records have provided Sturm with a retroactive promotion, back pay, and a corrected fitness report, in addition to other relief. Sturm is correct that the belated nature of his promotion may continue to affect his career prospects. However, this allegation is not in his complaint, and his prayer for relief contains no proposal regarding a potential remedy. Although a past deprivation of constitutional freedoms may be justiciable despite the fact that it is not destined to be repeated, Sturm has not requested damages, and thus there is no relief available for any such past injury.

■ Sturm also alleges that past and present practices of the Navy violate the Establishment Clause and the free exercise rights of servicemembers. However, Sturm does not have standing to bring such a challenge.[2] A plaintiff must have "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues." *Larson v. Valente*, 456 U.S. 228, 238–39, 102 S.Ct. 1673, 72 L.Ed.2d 33 (1982) (quoting *Duke Power Co. v. Carolina Environmental Study Group*, 438 U.S. 59, 72, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978)). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984).

Because Sturm's own religious freedoms are not infringed, Sturm does not allege

1. Because the parties are familiar with the background of this case, we do not recite the facts.

2. In light of our disposition, Sturm's challenges to the district court's discovery rulings are moot.

personal injury sufficient to establish standing on his own behalf. Moreover, his claim to taxpayer standing is unpersuasive, because he does not allege an injury resulting from Congress's exercise of its power under the Taxing and Spending Clause. *See Western Mining Council v. Watt,* 643 F.2d 618, 631 (9th Cir.1981); *Flast v. Cohen,* 392 U.S. 83, 102, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968). Finally, Sturm has not convinced us that he can overcome the general rule that a litigant may not raise the rights of another. *See Allen v. Wright,* 468 U.S. at 751, 104 S.Ct. 3315.

Sturm's challenges raise complex constitutional issues. However, because his personal claims are moot and he lacks standing to bring the remaining claims, the district court's judgment is

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.